IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JORDAN TRANSFORMER, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Case No.  5:20-cv-00787 |
| | § | |
| TAUREAN GENERAL SERVICES, INC. | § | |
| D/B/A THE TAUREAN CORP, JEFFREY | § | |
| JAIME, AND LISA FLENER | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, JORDAN TRANSFORMER, LLC, complains of Defendants TAUREAN GENERAL SERVICES, INC., JEFFREY JAIME, and LISA FLENER and respectfully states:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over matters raised pursuant to 28 U.S.C. § 1331 (action arising under the laws of the United States).  The parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and cost.

2.      Venue is proper in this district under 28 U.S.C. § 1391 in that (a) the Defendants reside in this district in the State of Texas, and (b) the Defendants are subject to personal jurisdiction in this district at the commencement of this action.

### PARTIES

3.      Plaintiff JORDAN TRANSFORMER, LLC (hereafter "Jordan"), is a Minnesota limited liability company.

4.      Defendant TAUREAN GENERAL SERVICES, INC. D/B/A THE TAUREAN CORP (hereafter "TAUREAN") is a Texas corporation duly formed and existing under the laws of the State of Texas, with its principal place of business at 26545 IH 10 West, Boerne, TX 78006, and may be served with process by serving its attorney, Edward Allred of Watts Guerra, LLP.

5.      Defendant JEFFREY JAIME is an individual residing in this district and may be served by serving his attorney, Edward Allred of Watts Guerra, LLP.

6.      Defendant LISA FLENER is an individual residing in this district and may be served by serving her attorney, Edward Allred of Watts Guerra, LLP.

**FACTS**

7.      Plaintiff and TAUREAN entered into a contract to provide a specific piece of equipment for a Department of Energy project.  Plaintiff furnished to Defendant, in consideration of its promise to pay for a specially manufactured piece of equipment, specifically a 115KV-41.8KV Mobile Substation.  Plaintiff issued quotes for the equipment and Taurean issued purchase orders agreeing to pay for the specially manufactured equipment.

8.      Plaintiff fully performed all of its obligations pursuant to its agreement with Defendant.  The specially contracted equipment manufactured by Plaintiff was provided, completed and delivered as agreed, and in conformance with the orders by Defendant and the Western Area Power Administration, a US Department of Energy agency.  The mobile transformer was delivered to Western Area Power Administration on December 30, 2019.

9.      Plaintiff billed Defendant Taurean for the completed delivery on February 4, 2020 and payment was due on or about February 20, 2020, or as required by the Prompt Pay Statute.

10.     TAUREAN billed Western Area Power Administration for the equipment and has admitted that it was paid for the specially manufactured equipment.

11.     Defendant TAUREAN failed to pay Plaintiff for the equipment.  Demand was made for the payment of the equipment and notwithstanding, Defendant TAUREAN has kept the funds received from the government as an SBA §8(a) contractor and diverted those funds to a use for the benefit of its stockholders.

12.     The balance due Plaintiff for its specially manufactured equipment is ONE MILLION THREE HUNDRED TWO THOUSAND NINE HUNDRED TWENTY-NINE AND 00/100THS DOLLARS ($1,302,929.00).  Two payments of small invoices were made in the amount of $6,623.00 and $11,000.00 leaving an unpaid balance of ONE MILLION TWO HUNDRED EIGHTY-FIVE THOUSAND THREE HUNDRED SIX AND 00/100THS DOLLARS ($1,285,306.00) ("Unpaid Balance").

## BREACH OF CONTRACT

13.     Plaintiff performed in providing the specially manufactured equipment to Defendant TAUREAN according to the agreement of the parties. TAUREAN breached the contract by failing to pay for the equipment.

14.     TAUREAN's failure and refusal to remit the sums due and owing is without justification or excuse. TAUREAN's failure to pay the sums due and owing to Plaintiff constitutes a breach of Contract resulting in damage to Plaintiff in the amount of the Unpaid Balance together with any other actual, incidental or consequential damages that may accrue hereafter as a result of TAUREAN's breach.

## QUANTUM MERUIT

15.     In the alternative, Plaintiff would show that the specially manufactured equipment was furnished for the benefit of Defendant TAUREAN, at its specific direct request and with its knowledge and consent.  Defendant TAUREAN accepted and received the equipment with

knowledge that Plaintiff expected compensation from Defendant therefor.  Plaintiff's specially manufactured equipment benefited Defendant in the reasonable fair market value of at least the Unpaid Balance for which Defendant TAUREAN was paid by the federal agency.  Plaintiff sues therefore, in the alternative, seeking judgment against Defendants on the basis of *quantum meruit* for the reasonable value of the specially manufactured equipment.

## VIOLATION OF PROMPT PAY STATUTE

16.     The Plaintiff delivered equipment as described above.  Defendant TAUREAN made claim for payment and received payment from the owner, but did not pay the Plaintiff for the equipment.  Payment was due to Plaintiff seven days after the Defendant TAUREAN received payment from Western Area Power Administration, a federal agency.  The payment was not made to Plaintiff as required and more than ninety (90) days has passed since payment was due.  Interest accrues as provided by statute,  31 U.S. Code § 3905 and §3902(a).

## VIOLATION OF TRUST FUND

17.     TAUREAN has received payment from Western Area Power Administration, a US Department of Energy agency for the equipment provided by Plaintiff on the project but has failed to pay Plaintiff.  This breach is a violation of the trust fund imposed on construction payments by Section 162.001, et seq of the Texas Property Code. JEFFREY JAIME and LISA FLENER as officers of TAUREAN are personally liable for the unlawful diversion of funds by knowingly, intentionally and with the intent to defraud, retaining these trust funds and refusing to pay them to Plaintiff and, upon information and belief, using those funds for the benefit of the Defendant TAUREAN shareholders in anticipation of a contemplated sale of the business.

**FRAUD**

18.     Defendants TAUREAN, JEFFREY JAIME, and LISA FLENER, made material representations that payments would be made promptly to Plaintiff for the specially manufactured equipment that Plaintiff provided to the Department of Energy project. Defendants TAUREAN, JEFFREY JAIME, and LISA FLENER either knew the material representations made were false, made recklessly, as a positive assertion, without knowledge of its truth, or failed to exercise reasonable care or competence in obtaining or communicating such information. Defendants TAUREAN, JEFFREY JAIME, and LISA FLENER made the representations with the intent to defraud Plaintiff and retain the payment made to Defendant TAUREAN for the specially manufactured equipment provided by Plaintiff. The representations proximately caused damages to Plaintiff in the amount of the Unpaid Balance.

**ATTORNEYS' FEES**

19.     In accordance with the provisions of *Chapter 38, Texas Civil Practice and Remedies Code*, Plaintiff is entitled to recover from Defendants its court costs, expenses, and reasonable and necessary attorney's fees Plaintiff is entitled to, and specifically prays for the award of reasonable and necessary attorney's fees.

**INTEREST**

20.     Plaintiff seeks recovery from Defendants of pre-judgment and post-judgment interest to the maximum extent provided by law.

**CONDITIONS PRECEDENT**

21.     All conditions precedent to Plaintiff's right to full recovery against Defendants on the causes of action asserted herein have been performed or have occurred.

Complaint

**REQUEST FOR RELIEF**

For the foregoing reasons, Plaintiff Jordan Transformer, LLC respectfully requests that Defendants TAUREAN, JEFFREY JAIME, and LISA FLENER be cited to appear and answer herein and, upon final trial thereof, that the Surety receive:

1. Judgment against Defendants TAUREAN, JEFFREY JAIME, and LISA FLENER, jointly and severally, in the amount of damages incurred by the Plaintiff;

2. Attorneys' fees and expenses;

3. Pre-judgment and post judgment interest at the maximum permissible at law or in equity;

4. Costs of court; and

5. Such other and further relief to which the Plaintiff is justly entitled.

Respectfully submitted,

_/s/ James Montgomery_
James E. Montgomery
State Bar No. 14292200
Montgomery & Associates, PC
22211 IH-10 West, Suite 1206
San Antonio, Texas 78257
(210) 690-3700 Telephone
(210) 568-4550 Fax
jemlaw@mac.com

ATTORNEYS FOR PLAINTIFF

**Complaint**

6